Eli Charfauros Quintanilla
Department of Corrections
(671) 734-3981

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| Eli Charfauros Quintanilla, Plaintiff<br><br>v.<br><br>The Pacific Star Hotel,<br>&<br>Attorney Jay Arriolla,<br>Respondents | New case no. #: **CV 22-00016**<br>Superior Case no# **CF0554-17**<br>Appeal case no.# _____<br><br>CIVIL |

### I. Introduction

Comes now, Pro sē litigant Eli Charfauros Quintanilla herein referred to as Quintanilla. In pursuant to the granted appeal regarding Superior Court of Guam criminal case no. # CF0544-17. Submitted to, The Superior Court of Guam, The District Court of Guam, The Supreme Court of Guam, and the U.S. Court of Appeals for the ninth circuit, with the fact of incarceration, via United States Postal Services. This appeal.

### II. Background

In regards to CF0544-17. Quintanilla was recently notified after multiple attempts to appeal said case file pro se with the fact of incarceration pursuant to judgement/order imposed by the superior court criminal case no. that said case, is in fact Appealed, filed in 2017 and granted on July 1, 2019. Nonetheless,

**FILED**
DISTRICT COURT OF GUAM
JUL 18 2022
JEANNE G. QUINATA
CLERK OF COURT

When the allegations were made against Quintanilla by the Pacific Star Hotel, Guam herein referred to as Pacific Star, in 2017, mistakingly. If you review records of this case from trial you will find through Pacific Star's Testimony and cross examination of evidence, the clear indication of their mistake and apology to "Quintanilla". When Pacific Star, front desk manager was questioned in court about the 3rd party booking in particular a faxed document Titled: Credit Card Authorization form completing the reservation, though at a seperate time from that of the time the Guest was allowed to check in. Authorized due to time differences of locations for the venue and the client. Because the document was overlooked negligantly it led to and is a direct result to everything lossed, and the damages endured concerning criminal case no. CF0544-17. Additionally, Quintanilla was deprived from a due process of law when the government failed to present Quintanilla before a magistrate judges hearing for CF0544-17 within the 48 hours of confinement. Nevertheless by and through appointed legal counsel namely: Jay Arriolla allowed the matters to further proceed despite the fact of the constitutional violation. A negligance I cant decide was done strategically or if it was due to incompatence, however resulted as ineffectiveness of appointment and the guilty verdict from my peers of (see sentencing order)

Currently, Quintanilla serves the remainder of his Parole tenure at the Department of Corrections (see Parole revocation order). Quintanilla is scheduled to be released on August 22, 2022. Completing the order imposed by Judge Elyze Iriarte for the incarceration/parole portion of the order.

## III Conclusion

Quintanilla seeks relief regarding these matters that in fact deprive him of Life Liberty and property scheduled to be completed by August 22, 2022 of this year. Quintanilla moves to be granted relief for these matters, and request for legal counsel thats effective and competent that may properly represent him with legal guidance.

Submitted on the 13th day of July, 2022.

by: _Quintalla_
Eli Charfauros Quintanilla
P.O. Box 3236 Hagatna Gu, 96932
(671) 734-3981
Department of Corrections Guam

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| Eli Charfauros Quintanilla, Plaintiff<br><br>vs.<br><br>The Pacific Star Hotel, &<br><br>Attorney Jay Arriola, Respondent | New case no. _____<br>Superior Case no. CF0544-17<br><br>GRAP 4.1 (a)<br>STATEMENT OF JURISDICTION |

Pursuant to GRAP 4.1 (a) Appellant must submit within (10) days of the filing of the Notice of appeal, a statement of jurisdiction which includes:

(1) the basis for claiming that the judgement or order appealed from is final or otherwise appealable; (2) the statutory basis of the courts jurisdiction; (3) the date of entry to the docket of the superior court of the judgement or order appealed from; and (4) an attached copy of the judgement or order indicating the documents date of entry into the docket of the Superior Court of Guam; and an attached copy of the judgement or order appealed from

Dated this 12th day of July 2022

Eli Charfauros Quintanilla
07/12/2022
Dept. of Corrections
P.O. Box 3236 Hagatna Gu.
96932

IV

FILED
SUPERIOR COURT
OF GUAM
2018 MAY 17 AM 10: 45
CLERK OF COURT
By:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, <br><br> Plaintiff, <br><br> vs. <br><br> ELI CHARFAUROS QUINTANILLA, <br><br> Defendant. | CRIMINAL CASE NO: CF0544-17 <br><br> JUDGMENT OF CONVICTION <br> (GUILTY VERDICT) |

Judge: Honorable Elyze M. Iriarte

Verdict Date: April 6, 2018
Sentencing Date: May 07, 2018

Prosecuting Attorney: Monica Aguon

Defense Attorney: Joaquin Arriola

THE DEFENDANT was found GUILTY by a jury of the following offense: **THEFT OF SERVICES** (as a Third Degree Felony) in violation of 9 GCA §§ 43.55(a) and 43.20(b).

Based on the Jury's verdict, a **JUDGMENT OF GUILTY** is entered for the following offense: **THEFT OF SERVICES** (as a Third Degree Felony).

I. IMPRISONMENT

As to the charge of THEFT OF SERVICES (as a Third Degree Felony), the Defendant is sentenced to one hundred fifty (150) days of imprisonment at the Department of Corrections, Mangilao, with credit for time served, amounting to one hundred thirty-three (133) days as of May 7, 2018.

II. PAROLE

As to the charge of THEFT OF SERVICES (as a Third Degree Felony) the Defendant is sentenced to three (3) years of parole with the Parole Services Division.

Failure of Defendant to follow all conditions of parole may result in sanctions, including imprisonment, imposed by the Parole Board pursuant to 9 GCA §§ 80.82, 80.84, and 80.86.

ORIGINAL

## III. STANDARD RELEASE CONDITIONS

In addition to the standard conditions imposed by the Parole Services Division of the Department of Corrections, the Court recommends the following conditions:

a. **NO FIREARMS:** Defendant shall stay away from all firearms, and is not to possess, carry, transfer, or use any firearms.

b. **NO FIREARMS:** Defendant shall not apply for, possess, or own a firearms identification card.

c. **STAY AWAY FROM VICTIM(S):** Defendant shall stay away, directly, and indirectly from **Pacific Star** and shall not contact any employees, owners or customers of Pacific Star by telephone, in writing, via email or other electronic device, or through a third-party, including a family member or friend.

a. **STAY AWAY FROM VICTIM(S):** Defendant shall not come within five hundred (500) feet of **Pacific Star**, its employees, owners or customers.

d. **COUNSELING/TREATMENT:** Defendant shall undergo and successfully complete a theft prevention program.

e. **MANDATORY REPORTING:** Defendant shall report to the Parole Office once a month in person, or as ordered by the Parole Board.

f. **MANDATORY SEARCHES:** Defendant shall permit parole officers and law enforcement officers to search his person, residence, and vehicles for firearms, alcohol, and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of parole.

g. **EMPLOYMENT:** Defendant shall seek and attempt to maintain full-time legitimate employment, and the Parole Office shall monitor Defendant's progress on a monthly basis.

h. **TRAVELING:** Defendant shall not leave Guam without the approval of the Court or the Parole Board, with prior notice given to the Office of the Attorney General, Prosecution Division.

i. Defendant shall obey all local and federal laws.

j. Defendant shall comply with any court orders entered against the Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

k. Defendant shall comply with any other reasonable conditions imposed by the Court and the Parole Board.

## IV. CRIMINAL MONETARY PENALTIES AND OTHER CONDITIONS

- **FINE:** The Defendant shall pay a fine of one thousand dollars ($1,000.00), plus court costs. All or part

of the fine imposed may be converted to community service work under the direction of the Alternative Sentencing Office at the current prevailing minimum wage.

- **RESTITUTION:** The Defendant shall be jointly and severally liable for restitution to Pacific Star in the amount of $547.28. Defendant shall pay said restitution in monthly installments and shall pay it in full prior to the termination of his parole. However, in the event restitution is not paid by the expiration of parole, the obligation for restitution shall survive.

- **RELEASE FROM IMPRISONMENT:** Upon the Defendant's release from the Department of Corrections, Mangilao, the Defendant shall be placed on: **Parole** for **three (3)** years.

V. **ADDITIONAL RELEASE CONDITIONS:**

Defendant shall report to the Parole Services Division within forty-eight (48) hours of release from incarceration for intake and processing.

SO ORDERED this 16th day of May 2018.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of: _____
Date: 5/17/18 Time: 10:45
Deputy Clerk, Superior Court of Guam

Received for Service
_____
5/17 20 18
_____
Marshal, Superior Court
Guam

**ORIGINAL**



# GUAM PAROLE BOARD

Government of Guam
P.O. Box 3236
Hagatna, Guam 96932
Tel: (671) 735-4133/34
Fax: (671) 734-4490

Parolee

Stephen J. Guerrero
*Chairman*

Lina N. B. McDaniel
*Member*

June G. Borja
*Member*

John Q. Lizama
*Member*



#5 REVOKE'D

IN THE MATTER OF ALLEGED
PAROLE VIOLATION OF:

ELI C. QUINTANILLA

Parolee
_____

ORDER OF THE BOARD
REVOKING PAROLE

Case No.(s) CF0544-17; CF0532-17;
CF0486-15

WHEREAS, on August 23, 2019, Parolee Eli C. Quintanilla was placed on parole, with a discharge date of August 22, 2022.

WHEREAS, on January 20, 2022, Parolee Eli C. Quintanilla was issued a Violation Report for violating the following parole conditions;

| Condition | 2 | Commit No Crime |
| Condition | 4 | Monthly Check-In |
| Condition | 6 | Associating with Known Felons |

WHEREAS, on February 21, 2022, Parolee Eli C. Quintanilla was served a copy of, but refused to sign and acknowledge the Procedural Due Process Rights served by the Parole Services Division; *and*

WHEREAS, on February 21, 2022 Parolee Eli C. Quintanilla was served a copy of, but refused to sign and acknowledge the Notice to Appear before the Guam Parole Board for a Preliminary Revocation Hearing served by the Parole Services Division; *and*

WHEREAS, the Guam Parole Board met on February 24, 2022, but recessed, and reconvened on February 25, 2022; *and*

WHEREAS, on February 25, 2022, Parolee Eli C. Quintanilla appeared before the Guam Parole Board via video/teleconference for a Preliminary Revocation Hearing. Present for the Board were Chairman Stephen J. Guerrero and members Lina N. B. McDaniel and June G. Borja; *and*

WHEREAS, on February 25, 2022, Parolee Eli C. Quintanilla's Procedural Due Process Rights was read to him by Member Lina N.B. McDaniel, however, parolee still refused to sign or verbally acknowledge his Procedural Due Process Rights when asked if he understood them as they were read to him; *and*



*Order of the Board Revoking Parole*
*Ref: QUINTANILLA, Eli C.*
Page 2

*WHEREAS*, the Board reviewed evidence presented by the Parole Officer; *and*

*WHEREAS*, the parolee pled *NO POSITION* to violating Condition 4 and *NOT GUILTY* to violating Conditions 2, and 6; *and*

*WHEREAS*, the Board inquired if Parolee Eli C. Quintanilla would like a continuance of his preliminary revocation hearing to prepare for his defense due to his *NOT GUILTY* plea. However, Parolee Eli C. Quintanilla did not want to sign a waiver form for a continuance, but verbally requested to proceed to the Final Hearing; *and*

*WHEREAS*, the Guam Parole Board, having heard this matter as required by law, accepts Parolee Eli C. Quintanilla's plea of *NO POSITION* to violating Condition 4 as made voluntarily and without coercion or promise of favor; *and*

*NOW THEREFORE,* based on the Parolee's previous plea and findings in the Violation Report, the Guam Parole Board as provided by law, finds the parolee *GUILTY* of violating Condition 4 and orders the parole of Eli C. Quintanilla REVOKED.

FURTHERMORE, that Parolee Eli C. Quintanilla be placed at the Adult Correctional Facility to serve the remainder of his parole tenure of five (5) months and twenty-six (26) days. The Board recommends that inmate seek and attend any forensic program that is available at the Adult Correctional Facility.

*SO ORDERED* this 25th day of *February 2022*

FOR THE GUAM PAROLE BOARD

STEPHEN J. GUERRERO
*Chairman*

MAF
ATTESTED:

S E A L

DISTRIBUTION: Original PSD / ACF / DTSD / GPB / Inmate



IN THE DISTRICT COURT OF GUAM

ELI CHARFAUROS QUINTANILLA,

    [Petitioner],

vs.

SUPERIOR COURT OF GUAM, HONORABLE JUDGE ELYZE M. IRIARTE; APPOINTED COUNSEL, ATTORNEY JAY ARRIOLA; and ATTORNEY GENERAL,

    [Respondents].

CIVIL CASE NO. 22-00012

CF0544-17 - Superior
               - Supreme

**ORDER**
         - 9th Circuit

On May 11, 2022, Eli Charfauros Quintanilla, herein referred to as the Petitioner, sent a filing to the court that appears to seek an "appeal" of his criminal conviction in the Superior Court of Guam. The procedural posture of the Superior Court of Guam case is unclear, and the court is uncertain whether the Petitioner intends to pursue an appeal or a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] The Petitioner is proceeding *pro se,* and the court cannot provide him with legal advice.

If the Defendant seeks to file a petition that challenges his local conviction based on a violation of the Constitution or laws or treaties of the United States, then the court's Habeas Corpus Local Rules require that the Petitioner file said petition on the form approved by the court. *See* HCLR 2. The court orders the Clerk's Office to send the Petitioner AO Forms 240 and 241 along

---

[1] Out of an abundance of caution, the court orders the Clerk's Office to open the filing as a civil case, *nunc pro tunc* to the May 11, 2022.

Case 1:22-cv-00012 Document 2 Filed 05/18/22 Page 1 of 2
Case 1:22-cv-00016 Document 1 Filed 07/18/22 Page 10 of 13

| | |
|---|---|
| 1 | with a copy of this Order. If the Petitioner desires to pursue a petition for writ of habeas corpus |
| 2 | under 28 U.S.C. § 2254, then he must complete said forms and return them to the court. The |
| 3 | Petitioner is warned that generally a 2254 federal habeas petition must be filed within one year after |
| 4 | a conviction becomes final. |
| 5 | On the other hand, if the Petitioner seeks an appeal of his conviction, this court does not |
| 6 | handle direct appeals from the Superior Court of Guam. The Petitioner should instead seek relief |
| 7 | from the Supreme Court of Guam.[2] |
| 8 | The court further notes that the top of the caption on the Petitioner's filing reads "In the |
| 9 | United States Court of Appeals for the Ninth Circuit." If the Petitioner wants his filing to be filed |
| 10 | with the Ninth Circuit instead of the District Court of Guam, then he must file it with the Ninth |
| 11 | Circuit directly.[3] |
| 12 | IT IS SO ORDERED. |



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: May 18, 2022

---

[2] The address for the Supreme Court of Guam is

Supreme Court of Guam
Ste 300 Guam Judicial Center
120 West O'Brien Drive
Hagatna, Guam 96910-5174

[3] The address for the Ninth Circuit Court of Appeals is

Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

June 22, 2022

Eli C. Quintanilla
Dept. of Corrections Guam
P.O. Box 3236
Hagatna, GU 96932

Dear Mr. Quintanilla:

We received your recent correspondence to the court. The documents did not include a case number, and we were unable to find any relevant cases pending in our court. The correspondence also did not claim to be a new petition over which this court has jurisdiction, and we have found no basis to treat it as a new petition. We are therefore returning the correspondence to you.

For any future communications with the court, please be aware:

· All communications should be addressed to the Clerk and not to specific judges. *See* 9th Cir. R. 25-2.

· All filings must include this court's case number on the first page, or clearly state the filing is a new petition within this court's jurisdiction.

· This court's jurisdiction is defined by federal statute. The court cannot review state court decisions. The court can decide appeals from final orders and certain interlocutory orders of the Ninth Circuit's federal district courts and Bankruptcy Appellate Panel. The court can also decide petitions for review or enforcement of orders by various federal agencies, and certain petitions for writs of mandamus and prohibition.

· The court's rules and procedures can be found at www.ca9.uscourts.gov.

· Sample forms can be found at http://www.ca9.uscourts.gov/forms.

- A pro se application for authorization to file a second or successive 28 U.S.C. § 2254 habeas petition or § 2255 motion must include Form 12, available at http://cdn.ca9.uscourts.gov/datastore/uploads/forms/form12.pdf.

- Instructions for filing a judicial misconduct complaint are available at htttps://www.ca9.uscourts.gov/misconduct/guidelines/

- The court is unable to accept filings that are not written in English.

                                        Sincerely,

                                        Monica Fernandez
                                        Deputy Clerk